**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

**Debtor** <u>NaTasha Denise Thrower</u>     **Case No.** _____

# Arkansas Chapter 13 Plan
(Local Form 13-1)

_____

**Original Plan** ☒     **Amended Plan** ☐     **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:
_____
State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.
_____

_____

The Amended Plan is filed:   ☐ Before confirmation
                             ☐ After confirmation

# Part 1: <u>Notices</u>

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions):
  United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions):
  United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☒ **Original plan filed** *at the time* **the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.
☐ **Original plan filed** *after* **the petition is filed:** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.
☐ **Amended plan:** Within 21 days after the filing of the amended plan.

**<u>The court may confirm this plan without further notice if no objection to confirmation is timely filed.</u>**

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

Debtor(s) _____   Case No. _____

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not included |
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ☒ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1   The debtor(s) will make regular payments to the trustee as follows**:
*Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $**660.00** per month to the trustee. The plan length is 60 months.

The following provision will apply if completed:

Plan payments will change to $827.00 per month beginning on August 2019.
(*Use additional lines as necessary.*)

**Amended plan:** Plan payments will change to $_____ per month beginning on the later of the date of filing of the amended plan or _____. The plan length is _____ months.

The following provision will apply if completed:

Plan payments will change to $_____ per month beginning on _____.
(*Use additional lines as necessary.*)

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Payments shall be made from future income in the following manner:**

Name of debtor <u>NaTasha Thrower</u>

☐ Direct pay of entire plan payment or _____ (portion of payment) per month.

☒ Employer withholding of $660.00 per month.

Name of debtor for withholding <u>NaTasha Thrower</u>

Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☒ weekly, ☐ other
If other, please specify: _____
Employer name:       <u>El Dorado Paper Bag</u>
Address:                   <u>204 Prescolite Dr</u>
                                  <u>El Dorado, AR 71730-6677</u>
Phone:                     _____

**2.3   Income tax refunds.**
*Check one.*
☒ Debtor(s) will retain income tax refunds received during the plan term and has allocated the refunds in the budget.
☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.
_____

**2.4   Additional payments.**
*Check one.*
☒ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

**3.1 Adequate Protection Payments.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ **T**he debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as

Debtor(s) _____     Case No. _____

indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| J Gibson Auto (0553) | 2017 Nissan Maxima | $282.00 | ☒ Preconfirmation<br>☒ Postconfirmation |

**3.2 Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
*Check one.*
☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☒ Claims listed in this subsection consist of debts that were:
   (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s) ("910 car claims"), or
   (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").

The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/ estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| J Gibson Auto (0553) | 2017 Nissan Maxima | 3/2018 | $28,212.00 | $17,700.00 | 6% | $545.42 |

**3.4 Claims for which § 506 valuation is applicable.** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**
*Check one.*
☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**
☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

# Part 4: Treatment of Fees and Priority Claims

**4.1 General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2 Trustee's fees.**
The trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

   Amount paid to attorney prior to filing:    $0.00
   Amount to be paid by the trustee:            $3,500.00
   Total fee requested:                          $3,500.00

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

   The initial fee and percentage rate requested in the application are $1,500.00 and 25%, respectively.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units, the categorization

Debtor(s) _____   Case No. _____

of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
|---|---|---|
|  |  |  |

**4.5 Domestic support obligations.**
*Check one.*
☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

# Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims.**
Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below.** For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: _____
_____

*Check one, if applicable.*
☒ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or
☐ Other. Please specify _____.

**5.2 Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**
*Check one.*
☒ **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.**
*Check one.*
☒ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

# Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1 Executory Contracts and Unexpired Leases.**
*Check one.*
☐ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

The executory contracts and unexpired leases listed below are assumed or rejected as indicated.
☒ **Assumed items.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by debtor(s), or by the trustee, as set forth below. Debtor(s) propose to cure any default by paying the arrearage on the assumed leases or contracts in the amount listed on the filed and allowed proof of claim, if contrary to the amount listed below.

| Creditor | Description of contract or property | Payment to be paid by | Payment amount | Number of remaining payments | Arrearage amount | Monthly arrearage payment |
|---|---|---|---|---|---|---|
| Rent A Center | Rent to own contract for bedroom suite | ☒ Debtor(s) ☐ Trustee | $167.00 | 7 | Na | Na |

☐ **Rejected items.** The debtor(s) reject the following executory contracts or unexpired leases. The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the property only. No further payments are to be made to the creditor on the contract or lease. However, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.

| Creditor and last 4 digits of account number | Description of contract or property |
|---|---|
|  |  |

**6.2 Sale of assets.**
*Check one.*
☒ **None**. *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3 Claims not to be paid by the trustee.**
*Check one.*
☐ **None**. *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

Debtor(s) _____   Case No. _____

☒ The following claims are to be paid directly to the creditor by the debtor(s) and not by the trustee. These claims include home mortgage, lease payments, and debts actually being paid by a party other than the debtor(s) (who is liable for the debt) from property that is not property of the estate.

| Creditor | Payment to be paid by | Description of property/nature of obligation |
|---|---|---|
| Rent A Center | ☒ Debtor(s)<br>☐ Other _____ | Rent to own contract for bedroom suite |

**6.4 Postpetition claims.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*
☒ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

# Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon:**
*Check the applicable box.*
☐ plan confirmation.
☒ entry of discharge.
☐ other: _____

# Part 8: Nonstandard Plan Provisions

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

# Part 9: Signatures

**By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.**

**/s/ Samantha L. Lambert**                     Date **February 1, 2019**
**Signature of Attorney for Debtor(s)**


**/s/ NaTasha Thrower**                         Date **February 1, 2019**
**Signature(s) of Debtor(s)**
**(required if not represented by an attorney;**
**otherwise optional)**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the attached Chapter 13 plan has been served by CM/ECF to the Chapter 13 Standing Trustee assigned to this case; Charles W. Tucker, Assistant United States Trustee; and served by U.S. Mail, postage prepaid to the following on February 1, 2019:

| | |
|---|---|
| Department of Finance and Administration<br>Legal Division<br>PO Box 1272<br>Little Rock, AR 72203 | Internal Revenue Service<br>Special Procedure<br>PO Box 7346<br>Philadelphia, PA 19101 |
| U.S. Attorney (Eastern District)<br>PO Box 1229<br>Little Rock, AR 72203 | U.S. Attorney (Western District)<br>414 Parker Avenue<br>Fort Smith, AR 72901 |
| Arkansas Department of Workforce Services<br>Legal Division<br>PO Box 2981 | |

Debtor(s) _____  Case No. _____

| Little Rock, AR 72203 | |

And to all creditors whose names and addresses are set forth on attached matrix(ces).

                                                RESPECTFULLY SUBMITTED
DICKERSON LAW FIRM, P.A.
PO BOX 6400
HOT SPRINGS, AR 71902
TELEPHONE: (501) 321-0808
FAX: (501) 321-2954

BY: /s/ Samantha L. Lambert
Samantha L. Lambert, Bar #2018-104